UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL SEQUINOT,

                        Plaintiff,

        v.                                                            6:10-CV-1387
                                                                              (NAM/GHL)

CITY OF UTICA POLICE DEPARTMENT,

                        Defendant.
_____

APPEARANCES

MIGUEL SEQUINOT
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a *pro se* civil rights complaint filed by Miguel Sequinot ("Plaintiff"). Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* and a motion to appoint counsel. Dkt. Nos. 2, 3.

**I.**    **The Complaint**

In his *pro se* complaint, Plaintiff alleges that officers of the Utica Police Department violated his civil rights by subjecting Plaintiff to excessive force during a traffic stop on May 8, 2008. Dkt. No. 1. Plaintiff states that he is unsure of the names of the officers who committed the alleged wrongdoing. *Id.* Plaintiff seeks monetary damages. *Id.* For a complete statement of Plaintiff's claims, reference is made to the complaint. Dkt. No. 1.

28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff has named the Utica Police Department as the sole defendant in this action. In order to establish liability of a municipality or a municipal actor for a violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (Scullin, J.) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted), *aff'd*, 173 F.3d 848 (2d Cir. 1999). A municipality may not be held liable on the basis of respondeat superior alone. In other words, municipal liability under 42 U.S.C. § 1983 "may not be founded solely on a municipality's employment of a tortfeasor." *Campanaro v. City of Rome*, 999 F. Supp. 277, 281 (N.D.N.Y. 1998) (Scullin, J.). Finally, a single incident alleged in a complaint,

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

especially if it involved only actors below policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (quotation marks and citations omitted).

The complaint contains no allegation that the Utica Police Department had a custom or policy which was the moving force behind the alleged violation of Plaintiff's rights by its officers.  Therefore, the Court finds that the complaint fails to state a claim on which relief may be granted.  Accordingly, I recommend that the complaint be dismissed without prejudice.

However, I also recommend that Plaintiff may file an amended complaint **within thirty (30) days of the filing date of any Order adopting this Report and Recommendation** should he wish to avoid dismissal of the action.  Any amended complaint, which shall supersede and replace in its entirety Plaintiff's original complaint (Docket No. 1), must contain a short and plain statement of the claim showing that he is entitled to relief with the allegations set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) and 10(b).  The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.  Plaintiff is advised that all claims must be set forth in the amended complaint.  Claims may not be set forth solely in exhibits.

**II.     Application to proceed *in forma pauperis***

After a review of the application to proceed *in forma pauperis*, the application is granted.  *See* Dkt. No. 2.

**III.    Motion to Appoint Counsel**

Plaintiff filed a motion to appoint counsel.  Dkt. No. 3.  Plaintiff states that he spoke with attorneys, but that he was unsuccessful in obtaining "meaningful representation."  *Id.* at 1.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). However, the threshold consideration in ruling on such an application is a showing of some likelihood of merit. *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172-74 (2d Cir. 1989).

Here, the Court recommends that the complaint be dismissed for failure to state a claim on which relief may be granted. Accordingly, the motion for appointment of counsel is denied without prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk shall enter judgment dismissing this case without prejudice without further Order of the Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of an amended complaint, the file be returned to the Court for further review; and it is further

**ORDERED**, that the *in forma pauperis* application (Dkt. No. 2) is **GRANTED**;[3] and it is further

**ORDERED**, that Plaintiff's motion to appoint counsel (Dkt. No. 3) is **DENIED** without prejudice; and it is further

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: December 7, 2010
      Syracuse, New York

                                                            George H. Lowe
                                                            United States Magistrate Judge